ARNOLDO CASILLAS
CASILLAS & ASSOCIATES
3777 Long Beach Bl., Third Floor
Long Beach, CA 90807
Telephone: (562)203.3030
E-Mail: Acasillas@Casillaslegal.com

Attorney for Plaintiff
ANGEL FUENTES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT, WESTERN DIVISION

| | |
|---|---|
| ANGEL FUENTES, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | DEMAND FOR JURY TRIAL |
| CITY OF LOS ANGELES, CITY OF LOS ANGELES POLICE DEPARTMENT, LAPD OFFICER ROGERS (ID#43469), and DOES 1 to 10, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff ANGEL FUENTES, (hereafter "Plaintiff"), and alleges as follows:

**JURISDICTION**

1. Jurisdiction is conferred upon this Court by Title 28, United States Code§§ 1331 and 1343, and arises under Title 42, United States Code§§ 1983 and 1988.

1

# VENUE

2. The acts complained of arose within the Central District of California therefore venue properly lies here pursuant to 28 U.S.C. § 1391. One or more of the Defendants resides in or has its principal place of business in CITY OF LOS ANGELES.

# PARTIES

3. Plaintiff ANGEL FUENTES is, and at all times material herein was a resident of CITY OF LOS ANGELES.

4. At all times material herein, Defendant CITY OF LOS ANGELES was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents of the CITY OF LOS ANGELES, and its Police Department, and all of its officers and members. These Defendants are a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.,* 436 U.S. 658, 691 (1978).

5. At all times material herein, said Defendant CITY OF LOS ANGELES was responsible for the employment, training, and supervision of the actions, conduct, policies, practices, and customs of the employees and agents of the CITY OF LOS ANGELES, including its Police Department and all of its members. At all times material herein, Defendant CITY OF LOS ANGELES was responsible for assuring that the actions, conduct, policies, procedures, and customs of the CITY OF LOS ANGELES Police Department complied with the laws and the Constitutions of the United States and of the State of California.

6. Plaintiff is informed and believes and based thereon hereby allege that Defendant CITY OF LOS ANGELES is responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, under which the wrongful or illegal acts hereinafter complained of occurred. By reason of this policy, custom or practice, Defendant CITY OF LOS ANGELES is liable for the damages hereinafter complained of.  As to the claims filed under the laws of the State of California, Defendant CITY OF LOS ANGELES is liable for the damages under the principle of *respondeat superior.*

7. Plaintiff is informed and believes and based thereon alleges that at all times material herein, Defendants LAPD Officer Rogers (ID#43469), and DOES 1 through 10, inclusive, were each duly appointed and acting police officers employed as such by the Defendant CITY OF LOS ANGELES,

1  and at the time of the acts hereinafter complained of, each said Defendant was acting within the
2  course and scope of such employment and under the color of law. Plaintiff sues each of these
3  Defendants both in their official and individual capacities.
4  8. The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiff who
5  therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a
6  DOE Defendant, Plaintiff will amend this complaint, or seek leave to do so, by substituting same for
7  said fictitious name. Plaintiff are informed and believe, and based thereon allege, that each DOE
8  Defendant is in some manner responsible for the injuries and damages herein complained of.
9  9. At all times material herein, Defendants were each acting as the employee, agent representative,
10  and officer of every other Defendant herein, and within the course and scope of such employment
11  and agency. Plaintiff timely filed a claim for damages with the CITY OF LOS ANGELES pursuant
12  to Government Code§ 910 et seq. It was duly denied, and this complaint was timely filed within six
   months of the date of rejection.

## FACTS COMMON TO ALL COUNTS

10. On August 14, 2021 at around 7:30 am Plaintiff ANGEL FUENTES (hereinafter referred to as FUENTES) was driving to work when he was pulled over by Defendant officer ROGERS #648688. Defendant ROGERS approached the driver's side of the vehicle but did not explain the reason why he pulled Plaintiff over. Defendant had his right hand on his gun. Fearful, Plaintiff asked Defendant why he had his hand on his gun. Defendant responded "Oh we are not going to do this," and ordered Plaintiff to put his hands on the steering wheel and roll down the windows. As Plaintiff complied and rolled down the window, Defendant ROGERS suddenly and forcefully grabbed Plaintiff, unbuckled and removed his seat belt, and dragged him out of his car. Once out of the car, Defendant ROGERS yanked Plaintiff's arm,
turned him around, and put him in a handcuff position.

11. Defendant ROGERS then placed handcuffs on Plaintiff very tightly, causing pain. The whole time Plaintiff was asking, "why are you doing this? I have done nothing wrong! I need you to call your supervisor!". Defendant ROGERS then pushed Plaintiff towards his vehicle and suddenly grabbed him from the legs and threw Plaintiff forcefully into the patrol vehicle onto the backseat, causing Plaintiff to strike his shoulder on the door and his face/head against the door frame with great force.

3

12. The force of the blow caused Plaintiff to start bleeding from his eye area, and he began screaming out in pain. Then Defendant slammed the door shut, catching Plaintiff's shoe which was still sticking out of the car. Plaintiff was then seated in a painful position with tight handcuffs that were causing him great pain. Plaintiff was left in the patrol car without air conditioning until a sergeant and lieutenant came. A second unidentified female officer (herein sued as DOE 1) also arrived at the scene. She spoke to Plaintiff who asked her to loosen the handcuffs but she refused.

13. While waiting for the Sergeant and the Lieutenant to arrive, Defendants ROGERS and DOE ransacked and searched Plaintiff's vehicle without probable cause, a warrant, or consent. On information and belief, Plaintiff alleges they were unable to find any evidence of illegality or contraband. Plaintiff's person was also searched with similar results.

14. When the lieutenant and sergeant came, Plaintiff also advised them the handcuffs were very tight, causing a lot of pain, and the sergeant loosened them advised Plaintiff paramedics were on their way. Plaintiff needed to get to work, but he was ignored.

15. The paramedics arrived and determined Plaintiff FUENTES needed to be hospitalized because of his injuries. Plaintiff called one of his employees to pick up his car and he was able to pick it up. Plaintiff was taken to the hospital by police officer Peralta in handcuffs without a seatbelt.

16. Plaintiff received medical treatment at the hospital, including stitches to his eye area. Plaintiff was then transported to the station while still under arrest. At the station, the lieutenant and sergeant took pictures of Plaintiff's injuries.

17. Plaintiff was cited for traffic violations and misdemeanor resisting police and was then released by Officer Peralta who apologized for his partner's actions. Plaintiff remained at the station for about four hours.

18. Plaintiff sustained injuries to his eyes, head, wrists, and arms, and he required medical treatment. He has suffered great emotional distress, pain, and suffering as a result of these actions.

19. Plaintiff had to pay for a lawyer to defend him on his misdemeanor citation. Plaintiff subsequently went to court for this citation, but no charges were filed.

**CHARGING ALLEGATIONS**

**FIRST CLAIM FOR RELIEF**

Violation of 4th Amendment

4

(Illegal Search, False Arrest, and Excessive Use of Force)

{Title 42, U.S.C. §§ 1983, 1988)

[By Plaintiff ANGEL FUENTES

against Defendants ROGERS, and DOES 1

through 10, inclusive]

20. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this complaint and makes each a part hereof as if set forth in full.

21. The afore-described acts of/by Defendants ROGERS, and DOES 1 through 10, against Plaintiff FUENTES constituted an illegal search without a warrant or consent, a false arrest without a warrant or probable cause to believe they had committed a crime, and the unreasonable and excessive use of force against Plaintiff, thereby depriving Plaintiff of the rights, privileges, and immunities guaranteed by the Fourth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983. In California, a person arrested for a misdemeanor must be released after receiving a citation and promising to go to court. Penal Code § 853.6.

22. By reason of the afore-described acts, omissions, and conspiracy of Defendants ROGERS, and DOES 1 through 10, inclusive, Plaintiff FUENTES suffered great physical and mental injury, trauma, pain, shock to his nervous system, anxiety, degradation, humiliation, fear, and emotional distress, all to his damage in an amount not yet ascertained but to be proved in court.

23. By reason of the afore-described acts and omissions by Defendants ROGERS, and DOES 1 through 10, Plaintiff FUENTES was required to receive medical care, treatment, and examination and by reason thereof, Plaintiff incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical, and incidental expenses in an amount not yet ascertained but to be proved in court.

24. By reason of the afore-described acts and omissions of Defendants ROGERS, and DOES 1 through 10, and each of them, Plaintiff FUENTES suffered and will continue to suffer loss of employment and employment opportunity, thereby suffering in an amount not yet ascertained but to be proved.

25. The afore-described acts of Defendants ROGERS, and DOES 1 through 10 were done knowingly, intentionally, and for the purpose of vexing, and injuring Plaintiff A COST A and to maliciously deprive Plaintiff of rights guaranteed by the United States and California Constitutions

5

and in conscious disregard thereof; and by reason thereof, Plaintiff claims exemplary and punitive damages from said Defendants in an amount to be proved.

26. By reason of the afore-described acts and omissions of Defendants ROGERS, and DOES 1 through 10, Plaintiff was required to retain an attorney to institute and prosecute this action and to render legal assistance to Plaintiff so that he might vindicate the loss and impairment of his aforementioned rights; and by reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

(Title 42, U.S.C. §§ 1983, 1988)

(Violation of Civil Rights by a Public Entity)

[By Plaintiff ANGEL FUENTES

against Defendants CITY OF LOS ANGELES, and

DOES 6 through 1 O]

27. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 26 of this complaint and makes each a part hereof as if set forth in full.

28. Plaintiff alleges on information and belief that on or about June 1, 2020, and for some time prior thereto, Defendants CITY OF LOS ANGELES, and DOES 6 through 10, inclusive, maintained an unconstitutional policy, or allowed a pattern of conduct that was unconstitutional in its implementation, with respect to their policy of allowing illegal searches, false arrests, and the use of excessive force against unarmed persons, or persons that that did not engage in behavior that constituted an imminent threat of death or great bodily injury to the officers or members of the general public. Plaintiff alleges on information and belief that prior to June 1, 2020, numerous persons were subjected by CITY OF LOS ANGELES Police Department to illegal searches, false arrests, and the use of unnecessary and excessive use of force.

29. Plaintiff alleges on information and belief that on or about June 1, 2020, and for some time prior thereto, Defendants CITY OF LOS ANGELES, and DOES 6 through 10, inclusive, failed to properly train, assign, supervise, and guide their officers, in regards to warrantless searches of persons and vehicles, warrantless arrests, and the use of force, apprehension tactics, and appropriate methods for dealing with minimally resisting individuals, and for some time prior thereto and since, have condoned, tolerated and accepted, and continue to condone, tolerate, and accept the excessive

6

use of force, the writing of false police reports, the planting of evidence or withholding evidence to allow police misconduct to escape detection, the deficient supervision of line or patrol officers, and in particular, the use of unnecessary and unreasonable force by its sworn officers. Plaintiff alleges on information and belief that this failure to train and properly supervise their officers was evident from the numerous incidents of the use of excessive force that occurred despite their purportedly being properly trained.

30. Furthermore, Plaintiff alleges on information and belief that on or about June 1, 2020, and for some time prior thereto, Defendants CITY OF LOS ANGELES, and DOES 6 through 10, inclusive, failed to fully and objectively investigate claims, reports or allegations of misconduct by the officers under their command, including failing to conduct vigorous examination and questioning of involved officers, disregarding of the statements of percipient witnesses, and minimizing the acts and conduct of the involved officers. Plaintiff alleges on information and belief that Defendants CITY OF LOS ANGELES, and DOES 6 through 10, inclusive, were aware, for instance in this case, that after being wrongfully arrested and subjected to the excessive use of force, prosecutors refused to file criminal charges against Plaintiff, thereby putting Defendants LOS ANGELES COUNTY, and DOES 6 through 10, inclusive, on notice that their officers were committing violations of state and federal law, and yet and still Defendants CITY OF LOS ANGELES, and DOES 6 through 10, inclusive, refused to take action to discipline Defendants ROGERS, and DOES 1 through 10 and other officers employed by them who engaged in the same or similar type conduct. As a result of said acts, omissions, policies, customs and practices, officers who so engaged in a pattern of misconduct, violations of law, and wholesale violations of the civil rights of the citizenry were allowed to continue in their malfeasance unabated by any efforts of their superiors.

31. By so doing, Defendant CITY OF LOS ANGELES, and DOES 6 through 10 effectively ratified and ratifies the wrongful acts or misconduct of Defendants ROGERS, and DOES 1 through 10, and other officers employed by them who engaged in the same or similar type conduct, and in practice, allows such wrongful acts, misconduct, and violations of civil rights to become the actual policy of Defendant CITY OF LOS ANGELES.

32. Said acts and omissions, policies; customs and practices by Defendants CITY OF LOS ANGELES, and DOES 6 through 10, inclusive, were the moving force behind the violation of constitutional rights and damages complained of herein by Plaintiff.

### THIRD CLAIM FOR RELIEF

(Violation of Civil Rights - Bane Act)

[Cal. Civil Code § 52.1 (b ), by Plaintiff

ANGEL FUENTES against

Defendant CITY OF LOS ANGELES]

33. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 26 through 32 of this complaint and make each a part hereof as if set forth in full.

34. The CITY OF LOS ANGELES, by and through each individual Defendant ROGERS, and DOES 1 through 10, inclusive, interfered by violence, threats of violence, intimidation, or coercion, namely, the illegal searches and the false arrests of both Plaintiff ANGEL FUENTES, and the unnecessary and excessive use of force against Plaintiff ANGEL FUENTES, with the exercise or enjoyment of the constitutional or statutory rights of said Plaintiff, which rights included, but are not limited to the right to be free of unreasonable searches and seizures made without a warrant or probable cause in violation of rights protected under Article 1, Section 13 of the California Constitution.

35. Plaintiff ANGEL FUENTES alleges that the above-named Defendants' wrongful conduct in violation of California Civil Code § 52.1 (b) caused deprivations of rights and freedom, and caused injury and damage, both physical and emotional, including pain and suffering. Plaintiff ANGEL FUENTES alleges that this wrongful conduct of these Defendants ROGERS, and DOES 1 through 10, inclusive, legally caused Plaintiff general and special damages as allowable pursuant to constitutional law in an amount according to proof.

36. By virtue of the provisions of California Civil Code§ 52.1 (h), Plaintiff ANGEL FUENTES is entitled to an award of treble damages, reasonable attorneys' fees, and costs according to proof.

### FOURTH CLAIM OF RELIEF

(Battery, Cal. Government Code§§ 815.2, 820)

[By Plaintiff ANGEL FUENTES

against Defendants CITY OF LOS ANGELES, and ROGERS,

and DOES 1 through 10, inclusive]

37. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 3 6 of this complaint and make each a part hereof as if set forth in full.

38. At all times mentioned herein, Plaintiff FUENTES was subjected to a battery by Defendants ROGERS, and DOES 1 through 10, inclusive, acting within the scope and course of their employment with the Defendant CITY OF LOS ANGELES.

### FIFTH CLAIM OF RELIEF

(False Arrest, Cal. Government Code§§ 815.2, 820)

[By Plaintiff ANGEL FUENTES

against Defendants ROGERS, and DOES 1 through 10,

inclusive, and Defendants CITY OF LOS ANGELES]

39. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 38 of this complaint and make each a part hereof as if set forth in full.

40. On or about August 14, 2021, Plaintiff FUENTES was falsely arrested without a warrant or probable cause that he had committed a crime.

41. As a direct and legal result of the aforesaid false arrest committed by Defendants ROGERS, and DOES 1 through 10, and each of them, Plaintiff was injured, and has suffered the damages as alleged above.

### SIXTH CLAIM OF RELIEF

(Negligence, Cal. Government Code § § 815 .2, 820)

[By Plaintiff ANGEL FUENTES

against Defendants CITY OF LOS ANGELES, and Defendants K.

ROGERS, and DOES 1 through 10, inclusive]

42. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 41 of this complaint and make each a part hereof as if set forth in full.

9

43. On or about August 14, 2021, and at all times mentioned herein, Plaintiff FUENTES was subjected to the use of excessive force and subjected to illegal searches and a false arrest by Defendants ROGERS, and DOES 1 through 10, inclusive, who were acting within the course and scope of their duties as an officer for the defendant CITY OF LOS ANGELES. Defendants, and each of them, breached the standard of performance of their duties, and were negligent in the performance of their Police Department's tactics and duties, and this negligence caused the violation of Plaintiff's rights and injuries. Defendants ROGERS and DOES 1 through 10 failed to comply with their above stated tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable law enforcement officers, and this negligence caused the injuries and damages alleged herein.

44. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, Plaintiff was injured, and has suffered the damages as alleged above.

WHEREFORE, Plaintiff ANGEL FUENTES prays for judgment as follows:

    1. General damages in an amount to be proved;

    2. Medical, doctor, psychiatric, pharmaceutical, and incidental expenses to be proved;

    3. Punitive damages from Defendants ROGERS, and DOES 1 through 10, inclusive;

    4. Costs of litigation;

    5. Reasonable attorney's fees pursuant to Title 42, U.S.C. § 1988 and California Civil Code § 52.1;

    6. Such other and further relief as the court deems appropriate and just.

Date: July 20, 2022        CASILLAS & ASSOCIATES

                                By: /s/ Arnoldo Casillas
                                   ARNOLDO CASILLAS, ESQ.
                                   Attorneys for Plaintiff
                                   ANGEL FUENTES

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ANGEL FUENTES and hereby demands trial by jury.

Date: July 20, 2022         CASILLAS & ASSOCIATES

By:  */s/  Arnoldo Casillas*
     ARNOLDO CASILLAS, ESQ.
     Attorneys for Plaintiff
     ANGEL FUENTES